UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODERICK EARL JOHNSON                                CIVIL ACTION

VERSUS                                               NUMBER: 09-120

DEPARTMENT OF PUBLIC SAFETY                          SECTION: "J"(1)
AND CORRECTIONS, ET AL

# REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. § 1983, pro se plaintiff, Roderick Earl Johnson, has filed the above-captioned matter in forma pauperis against the following defendants: The Louisiana Department of Public Safety and Corrections; Probation and Parole Officers Chris Brown and Erick Burgess; Washington Parish Sheriff Robert "Bobby" Crowe; Warden Demilla Topps; Assistant Warden Wallace Cummings; Bogalusa Police Detective Joe Culpepper; and, Alex Schneider, "Department Head" of the Louisiana Department of Public Safety and Corrections.

Plaintiff, who is presently incarcerated in the Washington Parish Jail, states that he was arrested on June 16, 2008, and that he has served all of the time for which he was sentenced in connection with his arrest. Plaintiff, however, continues to be held in custody pursuant to a "parole

hold." Plaintiff complains that his continued incarceration is in error since, at the time of his arrest on June 16, 2008, he was not on parole. Plaintiff states that he has not been on parole "since February 19, 2007." In this suit, plaintiff seeks his immediate release from custody, the termination from employment of all parties involved in his wrongful incarceration, and an unspecified amount of monetary damages.

Initially, the court is required to examine plaintiff's complaint to determine whether the allegations presented, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. § 1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required. This requirement applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828, 108 L.Ed.2d 957 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff alleges that he is wrongfully being held in jail pursuant to an invalid "parole hold".

Such an allegation clearly challenges the fact and duration of plaintiff's confinement, a proper habeas corpus issue which cannot be addressed until plaintiff has exhausted available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so, the petition should be dismissed without prejudice for failure to exhaust available state court remedies.

The court must now determine whether any viable § 1983 claims are raised by plaintiff's complaint. Plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant. The claim against that defendant is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted). The Louisiana Department of Public Safety and Corrections is a state agency. La.Rev.Stat.Ann. § 36:401. Therefore, the claim against it is clearly barred by the Eleventh Amendment and should be dismissed. Champagne v. Jefferson Parish

3

Sheriff's Office, 188 F.3d 312 (5th Cir. 1999).

With regard to the remaining defendants, unless and until plaintiff is able to have his confinement invalidated by an appropriate state or federal tribunal, he has no § 1983 cause of action for the improprieties of which he complains herein. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's § 1983 claims should thus be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that the claims asserted against the Louisiana Department of Public Safety and Corrections be dismissed with prejudice as barred by the Eleventh Amendment.

It is further recommended that plaintiff's § 1983 claims against all other defendants be dismissed with prejudice to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of January, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**